UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL B. GRAZIANI, | : | |
| Plaintiff, | : | |
| V. | : | PRISONER<br>CASE NO. 3:11-CV-1603(RNC) |
| MARY MULLIGAN, et al., | : | |
| Defendants. | : | |

INITIAL REVIEW ORDER

Plaintiff Paul B. Graziani, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against five defendants: Social Worker Mary Mulligan, Senior Probation Officer Elizabeth Knickerbocker, Probation Officer Michael Liso, Deputy Chief State's Attorney Leonard Boyle and Attorney Elizabeth A. Sabilia. The complaint alleges that the plaintiff's civil rights were violated in connection with a criminal proceeding in state court in which he was charged with violating the conditions of his probation. For reasons stated below, the action is dismissed.

Under 28 U.S.C. § 1915A, the Court is required to review a prisoner's complaint against government officials and dismiss any part of the complaint that fails to state a claim on which relief may be granted. In carrying out its responsibility to perform this screening function, the Court assumes the truth of the factual allegations of the complaint and interprets them liberally to "raise the strongest arguments [they] suggest[]."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A complaint is sufficient to state a claim on which relief may be granted if the factual allegations show that the plaintiff has a plausible claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are not sufficient. *Id.* at 678-79.

I.  Allegations of the Complaint

The complaint, construed in light of documents submitted along with it, may be interpreted as alleging the following. On September 12, 2008, the plaintiff was transferred from the custody of the Connecticut Department of Correction to the Whiting Forensic Service at Connecticut Valley Hospital ("CVH") pursuant to a physician's emergency certificate stating that the plaintiff was dangerous to himself and others. *See* Conn. Gen. Stat. § 172-514. At the time of the transfer, the plaintiff was completing a term of incarceration to be followed by a term of probation. Soon after the transfer, the conditions of the plaintiff's probation were amended by his probation officer without a hearing to include a requirement that he successfully complete a program of in-patient treatment at CVH. Plaintiff remained confined in the maximum security environment of the Whiting Forensic Service until November 2009, when he was

transferred to a less secure environment. In January 2010, his treatment team began to develop a discharge plan that would enable him to be released from CVH. In early March 2010, while still confined at CVH, the plaintiff informed defendant Mulligan that he wanted to go to court to seek redress for violations of his civil rights by CVH staff and others. A few days later, Mulligan falsely reported to defendants Liso and Knickerbocker that the plaintiff had refused treatment in violation of the conditions of his probation. They in turn sought a warrant for the plaintiff's arrest, although they knew he had been "voted to release" by CVH officials. Plaintiff was then arrested and charged with violating his probation. Attorney Sabilia, who had represented the plaintiff for some time, did nothing to prevent his arrest. The prosecutor, Deputy State's Attorney Boyle, threatened the plaintiff that if he exercised his right to a trial on the probation violation charge, the State would seek the maximum penalty of 25 years' imprisonment. Attorney Sabilia allowed this threat to go unchallenged and counseled the plaintiff to accept an offer of 15 years' imprisonment. In discussions with the plaintiff, she took the position that he had violated the conditions of his probation, although he had not done so. During the trial, Mr. Boyle threatened to introduce transcripts of testimony that had nothing to do with the alleged probation violation for the sole purpose of showing that the plaintiff is a "bad guy."

The complaint does not allege the outcome of the trial. It is apparent, however, that the plaintiff was convicted and sentenced to prison. This is strongly implied by the complaint itself, which discloses that the plaintiff has commenced a "post-conviction" proceeding in state court alleging false arrest, malicious prosecution and retaliation. In addition, public records available online show that the plaintiff is currently incarcerated at MacDougall-Walker Correctional Institution, where he is serving a maximum sentence of 25 years' imprisonment for violating probation. Accordingly, the Court assumes that the criminal proceeding underlying the plaintiff's complaint resulted in a conviction.

II. Analysis

Plaintiff brings this case under 42 U.S.C. § 1983, which provides that "[e]very person" who acts "under color of" state law to deprive another of federal constitutional rights shall be liable in a suit for damages. Section 1983 enables a person whose federal rights have been violated by a state official to bring suit in federal court to recover money damages for the violation. To adequately plead a claim under § 1983, a plaintiff must allege that the conduct complained of was committed by the defendant while acting under color of state law and that the defendant's conduct deprived the plaintiff of one or more federal rights.

4

A. <u>Under Color of State Law</u>

With regard to the first of these elements, acts are done "under color of" state law when they are performed by a state official while the official is purporting to act in the performance of his or her official duties; that is, the unlawful acts must consist of an abuse or misuse of power possessed by the official only because he or she is an official; and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers. See West v. Atkins, 487 U.S. 42, 49 (1988). An otherwise private person can act "under color of" state law when he or she engages in a conspiracy with state officials to deprive another of federal rights. See Tower v. Glover, 467 U.S. 914, 920 (1984).

In this case, the complaint can be construed to allege that all the defendants acted under color of state law. However, an attorney in private practice does not act under color of state law and thus is not subject to suit under § 1983. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Indeed, even a public defender does not act under color of state law when performing a lawyer's functions as counsel to a defendant in a criminal case. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, the complaint against Attorney Sabilia must be dismissed for failure to state a claim on which relief may be

granted under § 1983.[1]

    B.   <u>Deprivation of Federal Right</u>

The second element of the plaintiff's § 1983 claim against each defendant requires him to allege that the defendant deprived him of a federal right. The complaint alleges that the plaintiff was arrested and prosecuted based on a false report that he had refused treatment in violation of the conditions of his probation. These allegations are construed as attempting to state claims under § 1983 against Mulligan, Knickerbocker and Liso for false arrest and malicious prosecution in violation of the Fourth Amendment. Both types of claims require the plaintiff to plead and prove that the criminal proceeding terminated in his favor. See *Miles v. City of Hartford*, 445 F. App'x 379, 381, 382 (2d Cir. 2011); *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992); *Cameron v. Fogarty*, 806 F.2d 380, 386 (2d Cir. 1986). Because the plaintiff was convicted of the criminal charge at issue, he cannot recover for false arrest or malicious prosecution. Accordingly, the Court is required to dismiss these claims for failure to state a claim on which relief can be granted.

The complaint also may be interpreted as attempting to plead claims against Mulligan, Knickerbocker and Liso for retaliatory

---

[1] To the extent the plaintiff is attempting to sue Attorney Sabilia under state law, the Court declines to exercise jurisdiction over any state law claim.

arrest and prosecution in violation of the First Amendment. More specifically, the complaint may be deemed to allege facts supporting an inference that these defendants sought the plaintiff's arrest and prosecution because he had expressed a desire just a few days earlier to seek redress in court for civil rights violations. Claims of retaliatory arrest and prosecution may be pursued under § 1983. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995). But the plaintiff's retaliation claims cannot be maintained if the arrest and prosecution were supported by probable cause independent of the defendants' motive. *See id.* (if the officer had probable cause, we will not examine his underlying motive in arresting and charging the plaintiff); *Mozzochi v. Borden*, 1174, 1179-80 (2d Cir. 1992)(because probable cause existed for the plaintiff's arrest, we will not examine the defendants' motives in reporting the plaintiff's actions for prosecution); *Cf. Hartman v. Moore*, 547 U.S. 250 (2006) (plaintiff in retaliatory-prosecution action against federal official under *Bivens* must plead and prove absence of probable cause for pressing underlying criminal charge). Plaintiff's conviction of the criminal charge establishes probable cause for his arrest and prosecution as a matter of law. *See Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986). Accordingly, the retaliation claims must be dismissed for failure to state a claim on which relief can be granted.

It is unclear whether the complaint seeks to challenge the constitutionality of the plaintiff's conviction and imprisonment based on the way the criminal case was prosecuted and defended. It is well-established, however, that § 1983 does not provide a vehicle for such a challenge. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(state prisoner may not challenge his conviction in a suit for damages under § 1983); *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)(habeas corpus provides exclusive remedy for state prisoner challenging fact or duration of confinement). Accordingly, to the extent the complaint includes such a challenge, that part of the complaint must be dismissed for failure to state a claim on which relief can be granted under § 1983.

With regard to the allegations against Deputy State's Attorney Boyle, the complaint encounters an additional hurdle: under § 1983 a prosecutor is protected by absolute immunity for virtually all acts associated with his function as an advocate. *See Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). The allegations against Mr. Boyle concerning his conduct in plea negotiations and at trial relate to his conduct as an advocate for the state. The complaint against him must therefore be dismissed for attempting to recover damages against an individual who is immune from such relief.

III. <u>Conclusion</u>

For the foregoing reasons, the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915A.  Ordinarily, when a pro se complaint is dismissed by a court under § 1915A, the plaintiff is given an opportunity to file an amended complaint in order to correct pleading deficiencies.  In this case, however, the plaintiff's claims under § 1983 are barred for reasons that cannot be cured by repleading.  In light of this, the Clerk is directed to enter judgment and close the case.

So ordered this 1st day of May 2012.

/s/<br>
Robert N. Chatigny<br>
United States District Judge